IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN SPRINGER,                    )<br>                                   )<br>                                   )<br>              Petitioner,          )<br>                                   )<br>        vs.                        )<br>                                   )<br>UNITED STATES OF AMERICA,          )<br>                                   )<br>                                   )<br>              Respondent.          )<br>                                   )<br>_____ )  | No. CV-F-09-1327 OWW<br>(No. CR-F-07-169 OWW)<br><br>MEMORANDUM DECISION AND<br>ORDER GRANTING IN PART AND<br>DENYING IN PART PETITIONER'S<br>MOTION TO VACATE, SET ASIDE<br>OR CORRECT SENTENCE PURSUANT<br>TO 28 U.S.C. § 2255 AND<br>DIRECTING PARTIES TO APPEAR<br>FOR A STATUS CONFERENCE ON<br>MONDAY, APRIL 5, 2010 AT<br>10:00 A.M. |

On July 29, 2009, Petitioner Kevin Springer, represented by James Irigoyen, timely filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.[1]

By Order filed on August 5, 2009, the United States was ordered to respond to Petitioner's motion within 45 days, with Petitioner's reply due 30 days thereafter. The United States' response was filed on September 18, 2009. By Stipulation and

---

[1]Petitioner's motion was signed on his behalf by Mr. Irigoyen

1

1  Order filed on September 30, 2009, Petitioner was granted an
2  extension of time to November 2, 2009, to file a reply.  To date,
3  no reply has been filed by Petitioner.

4      Petitioner was charged in Count One with receipt or
5  distribution of material involving the sexual exploitation of
6  minors in violation of 18 U.S.C. § 2252(a)(2), and in Count Two
7  with possession of material involving the sexual exploitation of
8  minors in violation of 18 U.S.C. § 2252(a)(4)(B).  Count One
9  alleged that Petitioner, on June 27, 2007, using a computer and
10 modem, received and distributed via the Internet "numerous impate
11 files, including but not limited to movie files (Moving Pictures
12 Expert Group or MPEG), Joint Photographic Experts Format files
13 and Graphic Interchange Formats (JPEG & GIF files) all of which,
14 as the defendant then knew, contained visual depictions, the
15 producing of which involved the use of minors engaged in sexually
16 explicit conduct as defined in Title 18, United States Code,
17 Section 2256, all in violation of Title 18, United States Code,
18 Section 2252(a)(2).  Count Two alleged that Petitioner, on June
19 27, 2007, "obtained possession via the Internet of numerous image
20 files, including but not limited to Joint Photographic-Experts
21 Format files and Graphic Interchange Format (JPEG & GIF files),
22 all of which contained visual depictions, the producing of which
23 involved the use of minors engaged in sexually explicit conduct
24 as defined in Title 18, United States Code, Section 2256, all in
25 violation of Title 18, United States Code, Section
26 2252(a)(4)(B)."

Petitioner, then represented by Roger Vehrs and Kirk McAllister, pleaded guilty to both counts on May 5, 2008.  There was no negotiated Plea Agreement.  On July 21, 2008, Petitioner was sentenced to a concurrent 78 month term of incarceration and a 120 month term of supervised release.  Petitioner was advised of his appeal rights at sentencing.  Petitioner did not file a Notice of Appeal.

As grounds for relief, Petitioner asserts that his conviction of both counts is a violation of the Fifth Amendment's Double Jeopardy Clause; that he was denied the effective assistance of counsel because of counsel's failure to file an appeal when requested to do so by Petitioner; that he was denied the effective assistance of counsel because of counsel's failure to reasonably consult with Petitioner about non-frivolous appeal grounds; and that he was denied the effective assistance of counsel "in not reasonably discussing a plea to Count Two and making me plea to both indictment counts instead."

The United States concedes that Petitioner's conviction and sentence that the crime of possessing child pornography in violation of Section 2252(a)(4) is a lesser included offense of receipt of child pornography in violation of Section 2252(a)(2), and that Petitioner's conviction of both is a violation of the Double Jeopardy Clause.  *See United States v. Davenport*, 519 F.3d 940 (9th Cir.2008).  Therefore, Petitioner is entitled to vacation of conviction on one of the two counts.  *See United States v. Schales*, 546 F.3d 965 (9th Cir.2008), *cert. denied*, ___

3

U.S. ___, 129 S.Ct. 1397 (2009).

Because of this, Petitioner is entitled to vacation of his convictions and re-sentencing.  It is therefore unnecessary for the Court to address Petitioner's contentions that he was denied the effective assistance of counsel because of counsel's failure to file a Notice of Appeal.

As to Petitioner's claim that he was denied the effective assistance of counsel in connection with his guilty plea to both counts, to establish an ineffective assistance of counsel claim, Petitioner must show: (1) the representation was deficient, falling "below an objective standard of reasonableness"; and (2) the deficient performance prejudiced the defense.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  The Court need not evaluate both prongs of the *Strickland* test if the petitioner fails to establish one or the other.  *Strickland*, *id.* at 697; *Thomas v. Borg*, 159 F.3d 1147, 1152 (9th Cir.1998), *cert. denied*, 526 U.S. 1055 (1999).

Under the first prong, Petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.  "A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  *Id.* at 690.  "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to

reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct of counsel's performance at the time." *Id.* at 689.  The proper inquiry is whether, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id.*  The court must apply "a heavy measure of deference to counsel's judgments," and "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance."  *Id.* at 690-691.  "The relevant inquiry under *Strickland* is not what defense counsel could have pursued, but rather whether the choices made by defense counsel were reasonable."  *Siripongs v. Calderon*, 133 F.3d 732, 736 (9th Cir.1988).  "The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel."  *Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir.1989).  A decision to waive an issue where there is little or no likelihood of success and concentrate on other issues is indicative of competence, not ineffectiveness.  *See Miller v. Keeney*, 882 F.2d 1428, 1434 (9th Cir.1989).

To meet the prejudice requirement, the petitioner must demonstrate that errors "actually had an adverse effect on the defense."  *Strickland*, 466 U.S. at 693.  "It is [also] not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding."  *Id.*  "Virtually every act or omission of counsel would meet that test, and not every error that conceivably could have influenced the outcome

undermines the reliability of the result of the proceeding."  *Id.*
"The defendant must show that there is a reasonable probability
that, but for counsel's unprofessional errors, the result of the
proceeding would have been different.  A reasonable probability
is a probability sufficient to undermine confidence in the
outcome.  *Id.* at 694.

Petitioner asserts that counsel was ineffective "in not
reasonably discussing a plea to Count Two and making me plea to
both Indictment counts instead."  Petitioner contends:

> In a two-minute post-hearing conversation my
> lawyer flagged me a document about an 87-
> month offer which I never saw or knew it was
> to a single 2252(a)(2) count at an 18
> Guideline BOL.  He did not keep his promise
> to personally discuss it later and only told
> me telephonically both the Government and he
> thought it was too much and would work on
> reducing it.  When that failed he told me to
> reject it and plead guilty as charged instead
> because the Guidelines were not mandatory and
> people were getting 24 months for the same
> crimes.
>
> Not only my 2252(a)(2) plead offer had no
> mandatory minimum, permitting probation, and
> only a 10-year maximum which may have got me
> a better sentence, I relied on my lawyer's
> recommendation and plead [sic].  Had my
> lawyer explained the difference in sentence
> exposure between the offered plea count and
> both charged counts and/or that a plea to
> both counts violated the double jeopardy
> clause to the United States Constitution, I
> would not have plead [sic] as I did.

Arguably, Petitioner is asserting that defense counsel did
not communicate the terms of Respondent's plea offer.  An
attorney's failure to communicate a plea offer to his client
"constitutes unreasonable conduct under prevailing professional

1  standards." *United States v. Blaylock*, 20 F.3d 1458, 1466 (9th

2  Cir.1994).   However, accepting *arguendo* that counsel did not

3  communicate to Petitioner the terms of Respondent's plea offer,

4  Petitioner still must demonstrate prejudice in order to establish

5  ineffective assistance of counsel.   Further, the remedy where

6  counsel failed to communicate the terms of a plea offer is to

7  require the Government to reinstate the plea offer.   *Blaylock*,

8  *id.* at 1469.

9       Attached to the Government's response is a copy of the

10  proposed Plea Agreement between Petitioner and the United States.

11  By its terms, Petitioner would have pleaded guilty to Count 2,

12  the violation of Section 2252(a)(4), not Section 2252(a)(2) as

13  asserted by Petitioner.[2]  The proposed Plea Agreement further

14  provided in Section 4, "Agreements by the Government:"

15              (i) The government agrees that the total
                adjusted offense level is 28, and the
16              applicable guideline range is 78-97 months,
                if the defendant's Criminal History Category
17              is I; 87-108 months, if the defendant's
                Criminal History Category is II; and 97-121
18              months, if the Defendant's Criminal History
                Category is III.

19
                (j) The government agrees to recommend a
20              sentence at the bottom of the guideline
                range, provided the defendant on his own
21              behalf, through counsel, or through anyone
                else acting on the defendant's behalf, does
22              not in any way, directly or indirectly,
                attempt to receive a sentence for the
23              defendant below the applicable guideline

24  _____

25     [2]As Respondent notes, it appears Petitioner has confused
    Sections 2252(a)(2) with Section 2252(a)(4)(B).   Section
26  2254(a)(4)(B) provides for imprisonment of not more than ten years.
    18 U.S.C. § 2252(b)(2).

1

2          range as agreed to by the parties pursuant to
           this plea agreement.

3        Here, Petitioner has not demonstrated the prejudice prong to

4   the *Strickland* test.  As noted, Petitioner's conviction by plea

5   of both counts violated Double Jeopardy and, necessarily, his

6   conviction on one of these counts must be vacated.  If the

7   Government's proposed Plea Agreement is reinstated, Petitioner

8   will plead guilty to violation of Section 2252(a)(4).  Pursuant

9   to the terms of the proposed Plea Agreement, and because

10  Petitioner's Criminal History Category was I, the Government

11  agreed to recommend a sentence of 78 months, which is the

12  sentence that was imposed by the Court.

13       If Petitioner means to state that counsel was ineffective

14  because, after his efforts to negotiate a better deal failed, he

15  advised Petitioner to plead "straight up" to both counts without

16  a written Plea Agreement, rather than accepting the Government's

17  offer, Petitioner has not demonstrated either prong of the

18  *Strickland* test.  Petitioner's assertion that "my 2252(a)(2)

19  [sic] plead offer had no mandatory minimum, permitting probation,

20  and only a 10-year maximum which may have got me a better

21  sentence" does not establish the prejudice prong of the

22  *Strickland* test.  The Government's offer was for a 78 month

23  sentence, which is the sentence that was imposed.  Petitioner

24  makes no showing that the Court would have imposed a sentence

25  less than 78 months if Petitioner had pleaded guilty solely to

26  the violation of Section 2252(a)(4).

1      For the reasons stated:

2      1.   Petitioner's motion to vacate, set aside or correct

3 sentence pursuant to 28 U.S.C. § 2255 is **GRANTED IN PART AND**

4 **DENIED IN PART**;

5      2.   The parties are ordered to appear on Monday, April 5,

6 2010 for a status conference.

7      IT IS SO ORDERED.

8 **Dated:   March 3, 2010**              _____ **/s/ Oliver W. Wanger** _____
                                              UNITED STATES DISTRICT JUDGE

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26